```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
Bohua Yu,                                                   :
                                    Plaintiff,              :
                                                            :
                -against-                                   :       23-CV-897 (VSB)
                                                            :
X Vision Technology Limited,                                :       **OPINION & ORDER**
                                                            :
                                    Defendant.              :
----------------------------------------------------------- X
```

Appearances:

Jiyuan Zhang
J. Zhang and Associates, P.C.
Flushing, New York
*Counsel for Plaintiff*

Ruoting Men
Glacier Law LLP
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

     Plaintiff Bohua Yu ("Yu" or "Plaintiff") commenced this action on February 2, 2023, alleging copyright infringement under Section 501 of the Copyright Act based on an instruction sheet included in a waterproof phone pouch sold by Defendant X Vision Technology Limited ("X Vision Technology" or "Defendant") on Amazon. (Doc. 1 (the "Complaint").)  On March 2, 2023, I held a show cause hearing on Defendant's motion filed on March 1, 2023, for a temporary restraining order and preliminary injunction, ("Defendant's TRO/PI").  I denied Defendant's TRO/PI with leave to renew.  Currently before me are:  (1) Defendant's motion to seal, (Doc. 11); (2) Defendant's Emergency Motion for Temporary Restraining Order and

Preliminary Injunction,[1] (Doc. 12); (3) Plaintiff's Cross Motion for Temporary Restraining Order and Preliminary Injunction, (Doc. 16); (4) Defendant's Motion to Strike Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Preliminary Injunction, (Doc. 23); and (5) Defendant's Motion to Expedite Discovery, (Doc. 31).

As explained in detail below, it is hereby ORDERED that

(1) Defendant's motion to seal is DENIED.

(2) Defendant's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

(3) Plaintiff's Cross Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

(4) Defendant's Motion to Strike Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Preliminary Injunction is DENIED as moot.

(5) Defendant's Motion to Expedite Discovery is DENIED as moot.

## I.     Background and Procedural History

On March 1, 2023, Defendant filed an emergency motion for a temporary restraining order and preliminary injunction, alleging that "Defendant [was] at an imminent risk of being suspended from selling any products whatsoever through Amazon, all as a result of Plaintiff's false copyright infringement accusations against Defendant." (Doc. 12 at 7.) Defendant simultaneously moved to seal "Exhibit A," Defendant's sales records, arguing that it was necessary to seal the "screenshot display[ing] the precise number of sales the Defendant made during a specific time period" "to prevent malicious Plaintiff or other potential malicious

---

[1] Although I ruled on this motion orally at the March 2, 2023 show cause hearing, Defendant filed a reply memorandum in support of Defendant's TRO/PI, (Doc. 20), so I address the motion here for the sake of completeness.

competitor" from seeing Defendant's sales data. (Doc. 11 at 2.) That same day, I ordered Plaintiff to appear for a hearing on March 2, 2023 to show cause why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. 15.) Less than one hour before the show cause hearing, Plaintiff filed a memorandum of law in opposition to Defendant's TRO/PI and filed a cross motion for a temporary restraining order/permanent injunction against Defendant. (Doc. 16 ("Plaintiff's TRO/PI").) During the hearing on March 2, 2023, I denied Defendant's TRO/PI with leave to renew because the Amazon Standard Identification Numbers ("ASIN")[2] that were de-listed had been re-instated at the time of the hearing, thereby eliminating any possible irreparable harm. The parties agreed to a briefing schedule regarding an answer to the Complaint and Plaintiff's TRO/PI.

In accordance with the agreed upon schedule, Defendant filed an answer to the Complaint and a counterclaim against Plaintiff on March 9, 2023. (Doc. 21.) Plaintiff filed an answer to Defendant's counterclaim on March 16, 2023. (Doc. 22.) On March 27, 2023, Plaintiff filed a reply memorandum of law in further support of Plaintiff's TRO/PI, but this document was flagged as deficient, (Doc. 23), and refiled on March 30, 2023, (Doc. 29). On March 29, 2023, Defendant filed a motion to strike Plaintiff's reply. (Doc. 24.)[3] On March 30, 2023, Plaintiff re-filed his reply memorandum in support of Plaintiff's TRO/PI. (Doc. 29.) That same day, Defendant filed a motion for limited expedited discovery. (Doc. 31.) Specifically, Defendant seeks leave to conduct limited discovery into the creation, use, and registration of the copyrighted material, along with verification of Plaintiff's identity. (*Id.*) Defendant claims that

---

[2] "ASIN" refers to "Amazon Standard Identification Number" which are associated with the parties' Amazon storefronts.

[3] Defendant inexplicably filed four additional documents, (Docs. 25–28), that were all flagged as duplicative of Doc. 23 and terminated.

the requested information is necessary to support Defendant's TRO/PI, but as stated above, this TRO/PI was already denied on March 2, 2023. On April 15, 2023,[4] Plaintiff filed an opposition to Defendant's motion to strike Plaintiff's reply, (Doc. 32), and an opposition to Defendant's motion for leave to conduct limited discovery, (Doc. 33). On April 22, 2023, Defendant filed a reply in support of its motion to strike, (Doc. 34), as well as a reply in support of its motion for limited expedited discovery, (Doc. 35).

## II. Motions for Temporary Restraining Order and Preliminary Injunction

### A. *Legal Standard*

#### 1. Motion for TRO/PI

To obtain a temporary restraining order, the moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted). "It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction." *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010). To show irreparable harm, a party must show that the harm is "not remote or speculative but actual and imminent, . . . for which a monetary award cannot be adequate compensation," *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011) (cleaned up), and which cannot be remedied "if a court waits until the end of trial to resolve the harm," *Grand*

---

[4] Plaintiff's opposition to Defendant's motion to strike and opposition to Defendant's motion for leave to conduct limited discovery were filed after the time provided by Local Rule 6.1(b). *See* Joint Local rules, S.D.N.Y. and E.D.N.Y., Rule 6.1(b). Although the filings are late, I will consider the motions and decide them on the merits. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.")

4

*River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (cleaned up).  "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (citation omitted)).  "Thus, if a party fails to show irreparable harm, a court need not [ ] address the remaining elements."  *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019).

Issuance of a TRO or preliminary injunction, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (citation omitted).  Moreover, "[t]he district court has wide discretion in determining whether to grant a preliminary injunction.[]"  *Id.* at 511.

### 2. Motion to Seal

In order to determine whether sealing is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), a Court must first determine whether the document at issue is considered a judicial document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  If the document is in fact a judicial document, "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records:  a strong form rooted in the First Amendment and a slightly weaker form based in federal common law."  *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). First the Court must determine the weight of the common law presumption of access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant

value of such information to those monitoring the federal courts" and then "balance the competing considerations" against the presumption of access.  *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).)  "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'"  *Id*.  Under the First Amendment analysis, the Court must assess whether "public access plays a significant positive role in the functioning of the particular process in question." *Id*.  (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)).  Even if a qualified First Amendment right of access exists, the Court must determine whether sealing is still appropriate to "preserve higher values" if "narrowly tailored to serve that interest."  *Id*. (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal quotations omitted.)

### B.  Discussion

#### 1.  Defendant's Emergency Motion for TRO/PI and Motion to Seal

As stated during the show cause hearing held on March 2, 2023, Defendant's ASINs were re-listed on Amazon; therefore, Defendant did not make the required showing of irreparable harm.  With regard to Defendant's request to seal Exhibit A, this document is clearly a judicial document since it is being offered as supportive evidence for Defendant's TRO/PI, and is therefore entitled to a strong presumption of access.  *Lugosch*, 435 F.3d at 121; *see Brevet Holdings, LLC v. Enascor, LLC*, No. 1:21-CV-01540 (MKV), 2022 WL 3916376, at *11 (S.D.N.Y. Aug. 31, 2022) ("The documents at issue[] here are therefore clearly judicial documents since they were submitted in support of Defendants' Motion [.]")  Defendant fails to provide adequate "'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework" that would justify sealing Exhibit A.  *Lugosch*, 435 F.3d at

6

124 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  Defendant's assertion that it is important not to let "malicious Plaintiff or other potential malicious competitor to see Defendant's sales data" is not enough to overcome the public right to access what is considered a judicial document under *Lugosch*.  To the extent Defendant intends to rely on Exhibit A for any future motion, Defendant shall file an unredacted version of the exhibit on the docket.

### 2. Plaintiff's Motion for TRO/PI

Plaintiff alleges that "it appears highly probable that the image utilized by Defendant" in its waterproof pouches is "Plaintiff's copyrighted image."  (Doc. 16 at 3.)  Plaintiff filed a cross-motion for a TRO/PI "because Defendant is highly likely to transfer, conceal and/or destroy 1) accused products, 2) the means of making or obtaining such accused products, and 3) any and all other evidence relating to their infringing activities."  (*Id.* at 4.)  In furtherance of Plaintiff's TRO/PI, Plaintiff alleges that Defendant provided fraudulent information in support of Defendant's TRO/PI.  (*See* Zhang Decl.[5] ¶¶ 23–37.)  Plaintiff claims that "[they] stand to suffer lost profits as a result of Defendant's infringing, Defendant's illicit activities destroy the inherent value of the [sic], impair Plaintiff's reputation, negatively affect Plaintiff's relationships with its current authorized retailers, mislead the customers and confuse[ ] the market."  (Doc. 16 at 6.)

Plaintiff's accusations are conclusory and speculative.  First, based on Plaintiff's own submissions, the instruction sheet is not included on Defendant's advertisement of the waterproof pouch on Defendant's ASIN.  (*See* Complaint Ex. D.)  Therefore, no customers are being fraudulently induced into purchasing the product based on the instruction sheet and the instruction sheet cannot be the source of Plaintiff's irreparable harm.  Furthermore, Plaintiff has

---

[5] "Zhang Decl." refers to the Declaration of Jiyuan Zhang.  (Doc. 17.)

7

made no showing that the Defendant's waterproof pouch in which the instructions in question are contained is somehow an inferior product, and therefore, even once the customer is in possession of the waterproof pouch and enclosed instruction sheet, there is no indication that they are left with an inferior product such that Plaintiff's reputation and customer relationships would be irreparably harmed.  Therefore, Plaintiff can make no showing that Defendant's alleged copyright infringement of those instructions "destroy[s] the inherent value" of Plaintiff's product, "impair[s] Plaintiff's reputation, [and] negatively affect[s] Plaintiff's relationships with its current authorized retailers." (Doc. 16 at 6.)  As for Plaintiff's allegations of lost profits and confusing the market, these are issues that can be remedied through monetary damages. *See Dexter 345 Inc.*, 663 F.3d at 63.  Because Plaintiff cannot "show irreparable harm, [I] need not [] address the remaining elements." *Coscarelli*, 364 F. Supp. 3d at 221.  Accordingly, Plaintiff's cross-motion for TRO/PI is DENIED.

### III.  Defendant's Motion to Strike Plaintiff's Reply in Further Support of Plaintiff's Motion for Preliminary Injunction

On March 29, 2023, Defendant filed a motion to strike Plaintiff's Reply Memorandum of law in further support of Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Reply").[6] (Doc. 24 ("Motion to Strike").)  Defendant cites three separate reasons for striking Plaintiff's Reply:  (1) Plaintiff's Reply included information submitted for the first time, even though the information was available at the time the Complaint was filed in February 2023; (2) Plaintiff's filing violated my Individual Rules & Practices in Civil Cases; and (3) Plaintiff's Reply is untimely.  (*Id*. at 1.)  On April 15, 2023, Plaintiff filed an opposition to the motion to strike

---

[6] Defendant initially filed the Motion to Strike against Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Preliminary Injunction, (Doc. 23), on March 29, 2023.  (Doc. 24.)  However, Doc. 23 was flagged by the Clerk's Office as deficient and was re-filed by Plaintiff on March 30, 2023.  (Doc. 29.)  I will note that Plaintiff appears to have added a table of contents and table of authorities to the March 30, 2023 filing.  Therefore, all citations to "Plaintiff's Reply" will be to the corrected Reply at Doc. 29.

pointing out "egregious errors" in Defendant's motion including Defendant's non-sensical conclusion which states "[f]or the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Amazon for the information described herein and all other appropriate relief." (Doc. 32 at 3, 8–9; *see* Doc. 24 at 5.) Defendant filed a reply on April 22, 2023. (Doc. 34.) For the reasons outlined below, Defendant's Motion to Strike is DENIED as moot.

### A. *Applicable Law*

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Federal courts have discretion in deciding whether to grant motions to strike." *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (citation omitted). "[M]otions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so." *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020) (internal quotation marks and citation omitted).

### B. *Application*

In assessing the Motion to Strike, I first address the disagreement between the parties regarding the timing of Plaintiff's Reply. On March 16, 2023, Plaintiff requested a one-week extension from the date of receipt of a shipping disc. (*See* Doc. 24-1 at 3.) Defendant responded that they "are amenable to agreeing [to the] extension request." (*Id.* at 2.) Defendant asserts in their motion to strike that the "deadline for filing the reply was then set for March 23, 2023." (Doc. 24 at 5.) Plaintiff asserts that the shipping disc was delivered to the office on March 16, 2023, but did not come to his attention until March 21, 2023, (Doc. 32 at 8), and the reply was

9

filed six days later on March 27, 2023, (Doc. 23)[7]. Defendant moves to strike Plaintiff's Reply, in part, because "Plaintiff filed its Reply after the agreed-upon deadline of March 23, 2023." (Doc. 24 at 4.) It is not clear what occurred between March 16, 2023 when the disc was delivered and March 21, 2023 when Plaintiff's counsel claims it ultimately came to his attention, but the parties' extension agreement was based on counsel's receipt of the disc, not when he decided to review the disc. Therefore, I find that Plaintiff's Reply was untimely. However, separate from my finding that Plaintiff's Reply was in fact untimely, Defendant's Motion to Strike is DENIED as moot because I did not rely on Plaintiff's Reply in arriving at my decision regarding Plaintiff's Motion for TRO/PI. *See, supra* Section II.c; *see, e.g., Serafin v. Kahane*, No. 16-2499, 2016 WL 9411240, at *1 (2d Cir. Nov. 15, 2016) (denying Appellants' motion to strike as moot "since the Court has not relied on the challenged portion of the Appellee's reply in reaching this decision.").

## IV. Defendant's Motion to Expedite Discovery

On March 30, 2023, Defendant filed a Motion for Leave to Conduct Limited Discovery Prior to a Rule 26(f) Conference, ("Motion to Expedite"), in order to "gather evidence from Plaintiff [] to support Defendant's motion for temporary restraining order [] and preliminary injunction." (Doc. 31.) Plaintiff filed an opposition on April 15, 2023, (Doc. 33), and Defendant filed a reply in support of the Motion to Expedite, (Doc. 34).

Defendant incorrectly asserts that its motion for TRO and PI "is pending before this Court," because I denied Defendant's emergency motion for TRO/PI during the March 2, 2023 hearing, and I do so again in this Opinion & Order. (*See* Doc. 15.) Therefore, Defendant's

---

[7] For purposes of evaluating the timing of Plaintiff's submission, I will consider the March 27, 2023 filing. (Doc. 23.)

10

Motion to Expedite in support of their Motion for TRO/PI is DENIED as moot. *See Serafin*, 2016 WL 9411240 at *1.

### V. Conclusion

In accordance with my findings during the March 2, 2023 hearing and provided above in this Opinion & Order, it is hereby ordered that

(1) Defendant's motion to seal Exhibit A of Defendant's sales record is DENIED. To the extent Defendant intends to rely on Exhibit A for any future motion, he must file an unredacted version of the exhibit on the docket;

(2) Defendant's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is DENIED with leave to renew if Defendant loses access to any ASINs as a result of complaints made to Amazon by Plaintiff;[8]

(3) Plaintiff's Cross-Motion for Temporary Restraining Order and Preliminary Injunction is DENIED;

(4) Defendant's Motion to Strike Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for Preliminary Injunction is DENIED as moot;

(5) Defendant's Motion to Expedite Discovery is DENIED as moot.

---

[8] My granting leave in this fashion should not be viewed as my expressing any view concerning the merit of any such motion.

The Clerk of Court is respectfully directed to close all open motions on the docket.

SO ORDERED.

Dated: October 13, 2023
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge